# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROCKSPRING DEVELOPMENT, INC,**
**Employer Below, Petitioner**

**vs.)**  **No. 18-0669** (BOR Appeal No. 2052490)
(Claim No. 2016017899)

**DENNIS JEWELL,**
**Claimant Below, Respondent**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rockspring Development, Inc., by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dennis Jewell, by Anne L. Wandling, his attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. Jewell has as a result of occupational pneumoconiosis. The claims administrator granted a 10% award on December 7, 2016. The Office of Judges affirmed the decision in its January 9, 2018, Order. The Order was affirmed by the Board of Review on June 29, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jewell, a coal miner, developed occupational pneumoconiosis as a result of thirty-eight years of exposure in the coal mines. A December 7, 2014, treatment note from Three Rivers Medical Center indicates Mr. Jewell presented with severe anemia, but his lungs were clear. He was diagnosed with stable chronic obstructive lung disease and anemia.

Mr. Jewell was examined by the Occupational Pneumoconiosis Board and its findings were released on October 6, 2016. It found that Mr. Jewell had 10% impairment as a result of occupational pneumoconiosis. It noted an exposure history of thirty-eight years. Mr. Jewell stopped working in December of 2014 due to anemia and breathing difficulties. He reported shortness of breath for the past twenty years, sputum, and occasional wheezing. The Board noted that Mr. Jewell was diagnosed with asthma in 2005 and was treated for pleurisy in the 1990s. He

1

was diagnosed with chronic obstructive pulmonary disease in 2005. On examination, he had mild wheezing in both lung fields. Chest x-rays showed a hiatal hernia. There was scarring at the lung bases. However, the Board found insufficient evidence of pleural or parenchyma abnormalities to establish a diagnosis of occupational pneumoconiosis. It was noted that Mr. Jewell had a smoking history of one pack per day for thirty years but had ceased smoking twelve years prior. It was also noted that his diffusion studies showed an FVC of 3.95 or 81% of predicted. Mr. Jewell's FEV1 was 2.72 or 75% of predicted. His DLVA was 3.95 or 76% of predicted and his carboxyhemoglobin was 1.5.

An October 20, 2016, treatment note by Melinda Elkins-Smith, M.D., indicates Mr. Jewell was seen for chronic obstructive lung disease and asthma. She assessed emphysema and obstructive sleep apnea. Mr. Jewell's chronic obstructive lung disease was stable and his breathing had improved since he was started on a CPAP.

A chest CT scan was performed on November 23, 2016, and showed changes of chronic obstructive pulmonary disease and emphysema. There was probable scarring in the lung bases and a four millimeter pulmonary nodule. The impression was chronic changes and unchanged mediastinal adenopathy. Diffusion studies were performed at the Occupational Lung Center on March 20, 2017. They indicate an FVC of 4.04 or 83% of predicted. Mr. Jewell's FEV1 was 2.74 or 76% of predicted. His DLVA was 3.86 or 75% of predicted and his carboxyhemoglobin was 1.5.

A hearing was conducted on December 6, 2017, in which members of the Occupational Pneumoconiosis Board testified regarding Mr. Jewell. Jack Willis, M.D., the Occupational Pneumoconiosis Board's radiologist, stated that there had been no x-ray diagnosis of occupational pneumoconiosis in this case. He reviewed a CT scan which showed mild emphysema and stated that he saw no evidence of occupational pneumoconiosis or pleural plaques, which indicate the presence of the disease. He opined that there was no radiographic evidence of occupational pneumoconiosis. Jack Kinder, M.D., also testified on behalf of the Occupational Pneumoconiosis Board. He opined that Mr. Jewell's diffusion studies show 10-15% impairment. It was his opinion that Mr. Jewell had sustained 10% impairment as a result of occupational pneumoconiosis. Dr. Kinder noted that chronic obstructive pulmonary disease, which may include diseases such as emphysema, anemia, and obstructive sleep apnea, are all known causes of breathing impairment. Dr. Kinder opined that Mr. Jewell has an overall breathing impairment of 15%. He noted that Mr. Jewell worked in the coal mine for thirty-eight years and stated that, based upon the presumptive statue[1], he would recommend 10% impairment attributable to occupational pneumoconiosis. Dr.

---

[1] West Virginia Code § 23-4-8c(b) (2018) provides that

> If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at

Kinder opined that this was a very close case given Mr. Jewell's other breathing issues, but his recommendation remained 10% impairment. Mallinath Kayi, M.D., also of the Occupational Pneumoconiosis Board, concurred with Dr. Kinder.

The claims administrator granted a 10% permanent partial disability award on December 7, 2016. The Office of Judges affirmed the decision in its January 9, 2018, Order. It found that the Occupational Pneumoconiosis Board considered the case and opined that Mr. Jewell had 10% impairment as a result of occupational pneumoconiosis. Dr. Kinder testified that he had 15% impairment overall due to numerous breathing issues including emphysema, anemia, and sleep apnea. Dr. Kinder found this to be a close case but remained of the opinion that Mr. Jewell had 10% impairment due to occupational pneumoconiosis. The Office of Judges concluded that the Occupational Pneumoconiosis Board's findings were not clearly wrong and affirmed the 10% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 29, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code §§ 23-4-6a and 23-4-8c, the Occupational Pneumoconiosis Board makes the initial determination of the extent of the claimant's pulmonary disability. The Office of Judges may reverse the finding of the Board only when the Board's decision is clearly wrong. In this case, though Mr. Jewell has several pulmonary conditions which can cause impairment, the Board's finding of 10% impairment attributable to occupational pneumoconiosis is not clearly wrong and was therefore properly affirmed. Though there was no radiographic evidence of occupational pneumoconiosis, Dr. Kinder based his assessment of 10% impairment on Mr. Jewell's diffusion studies.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**

the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

The employer argues that Dr. Kinder made his finding of 10% impairment due to occupational pneumoconiosis based only on the presumption. We find the argument to be unpersuasive. Dr. Kinder's opinion was based largely on diffusion studies.

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison